UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. FOSTER,<br><br>         Plaintiff,<br><br>    v.<br><br>GODWIN UGWUEZE, et al.,<br><br>         Defendants. | CASE NO. 1:13-cv-00659-LJO-MJS (PC)<br><br>**ORDER DENYING REQUEST TO MODIFY DISCOVERY AND SCHEDULING ORDER**<br><br>**(ECF No. 27)** |

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Ugwueze and Enenmoh on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 15.)

On March 19, 2014, the Court issued a discovery and scheduling order, setting a discovery cut-off of November 19, 2014, and a dispositive motion deadline of January 26, 2015. (ECF No. 22.)

Before the Court is Defendants' December 29, 2014 request to re-open discovery for the purpose of taking Plaintiff's deposition, and to extend the dispositive motion deadline by ninety days. (ECF No. 27.)

1

## II.     LEGAL STANDARD

Districts courts must enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the

> Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

## III. ANALYSIS

Defendants explain that they were not able to take Plaintiff's deposition due to their counsel's "busy schedule." This explanation does not reflect the level of diligence required by Rule 16(b)'s good cause standard. Defendants were afforded eight months in which to take Plaintiff's deposition. (See ECF No. 22). The simple statement that counsel was "busy" during that time, without more, does not demonstrate a diligent attempt to adhere to the Court's scheduling order. Nor can Defendants claim to have been diligent in seeking amendment of the scheduling order once it became apparent they could not comply with the discovery cut-off. Their motion to extend the discovery cut-off was filed nearly six weeks after the deadline expired. Defendants have not provided good cause for extending the discovery cut-off. Their request will be denied.

Defendants also seek a ninety day extension of the dispositive motion deadline, apparently based on their intent to depose Plaintiff and because defense counsel has an upcoming trial in an unrelated case. In light of the Court's ruling herein denying Defendants' request to extend the discovery cut-off, Defendants' intent to depose Plaintiff does not provide good cause for extending the dispositive motion deadline. And, while counsel's upcoming January 22, 2015, trial could conceivably constitute good cause for a limited extension of the dispositive motion deadline, it does not warrant a ninety day extension. Accordingly, Defendants' request to extend the dispositive motion deadline will be denied without prejudice to their filing a motion supported by a showing of good cause as to the reason for and the requested length of the extension.

## IV. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' request to extend the discovery cut-off is DENIED; and

2. Defendants' request to extend the dispositive motion deadline is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __December 31, 2014__          /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE