1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 | MICHAEL L. FOSTER, | Case No.  1:13-cv-00659-LJO-MJS |
| 12 | Plaintiff, | FINDINGS AND RECOMMENDATIONS TO: |
| 13 | v. | 1) DENY PLAINTIFF'S MOTION FOR |
| 14 | GODWIN UGWUEZE, et al., | APPOINTMENT OF EXPERT WITNESS |
| 15 | Defendants. | (ECF NO. 33) |

11  MICHAEL L. FOSTER,

           Plaintiff,

12

13      v.

14  GODWIN UGWUEZE, et al.,

15             Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  1:13-cv-00659-LJO-MJS

FINDINGS AND RECOMMENDATIONS TO:

1) DENY PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS

(ECF NO. 33)

2) DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

(ECF NO. 29)

3) GRANT PLAINTIFF'S MOTION FOR EXTENSION OF TIME NUNC PRO TUNC

(ECF NO. 34)

4) GRANT DEFENDANT'S MOTION FOR EXTENSION OF TIME NUNC PRO TUNC

(ECF NO. 38)

5) GRANT PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY

(ECF NO. 32)

FOURTEEN (14) DAY OBJECTION DEADLINE

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The action proceeds against Defendants Ugwueze and Enenmoh on Plaintiff's Eighth Amendment inadequate medical care claim.  (ECF No. 15.)

Before the Court is Defendant's motion for summary judgment.  (ECF No. 29.) Plaintiff opposed the motion (ECF No. 36.) and Defendants filed a reply (ECF No. 39.). Both parties filed motions for extensions of time.  (ECF Nos. 34 & 38.)  Plaintiff filed motions for additional discovery and appointment of an expert.  (ECF Nos. 32 & 33.) Defendants did not respond.  These matters are deemed submitted.  Local Rule 230 (*l*).

## II. MOTION FOR APPOINTMENT OF AN EXPERT

Plaintiff seeks an expert to assist him in proving that Defendants acted with medical indifference.

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue.  Fed. R. Evid. 702.  Under Rule 706(a) of the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own motion or on the motion of a party.  Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999).  Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *See Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010) (citation omitted).

The appointment of an independent expert is to assist the trier of fact, not a particular litigant.  *See Joe S.Cecil & Thomas E. Willging*, Court-Appointed Experts, at 538 (Fed. Jud. Center 1994) (Rule 706 is meant to promote accurate fact finding where issues are complex, esoteric and beyond the ability of the fact finder to understand without expert assistance).  Here, Plaintiff requests an independent expert to establish an element of his case.  Rule 706 does not exist to assist a party.

2

1

2

3

4

5

Appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice." *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

6

### III.    MOTION FOR SUMMARY JUDGMENT

7

#### A.    Legal Standard

8

9

10

11

12

13

14

15

16

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

17

18

19

20

21

22

23

24

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

25

26

27

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     Factual Background**

Defendant Ugwueze was the primary care physician for Plaintiff, an inmate at the California Substance Abuse Treatment Center in Corcoran, California ("CSATC").

In 2009, Plaintiff had surgery to remove a tumor in his parotid gland.  On July 27, 2010, Defendant Ugwueze saw Plaintiff for his parotid gland condition.  Plaintiff's medical records indicate that Plaintiff had "Post Parotidectomy no sign of local recurrence" and a follow-up visit would be scheduled.  (ECF No. 35 at 17.)

On October 5, 2010, Defendant Ugwueze saw Plaintiff again for his condition and filed a request for a surgical consult.  While Defendant Ugwueze did not believe Plaintiff's condition was serious, in his professional opinion, a surgeon would be more familiar with a parotid gland tumor than a general practitioner.  However, Defendant Ugwueze also declared that Plaintiff's condition was a very mild form of Frey's Syndrome (a neurological disorder resulting from damage to or near the parotid glands), which did not require any additional treatment.

On October 18, 2010, Defendant Enenmoh, the Chief Medical Executive, reviewed Defendant Ugwueze's referral request.  Defendant Enenmoh never personally treated Plaintiff for his condition.  He reviewed Plaintiff's medical records, which indicated clinical features suggestive of Frey's Syndrome.  Defendant Enenmoh denied the request for a surgical consult, indicating that: "Surgical treatment of Frey Syndrome is very disappointing.  How severe is this patient's symptoms.  In extreme situations, Botox injection treatment may be considered."  (ECF No. 35 at 20.)  Yet, Defendant Enenmoh also declares that Plaintiff had a mild form of Frey's Syndrome, and that he therefore denied the request because it would have been of no medical benefit to Plaintiff.

Plaintiff continued to complain about and be seen by prison medical staff for his condition.  In 2012, Dr. Jackson filed a request for a salivary gland scintigraphy test to treat Plaintiff's condition.  Defendant Ugwueze denied the request, giving the following

4

findings: "Did not meet integral criteria.  Is this not Frey's Syndrome?   Recommend general surgery consult."  (ECF No. 35 at 34.)

Plaintiff also complained that his condition caused him to develop a rash. According to Defendant Ugwueze, Plaintiff complained of a similar rash prior to his surgery in 2009, and it was diagnosed as eczema.[1]

**C.      Inadequate Medical Care**

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant.   *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.*; *See also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) "a purposeful act or failure to respond to a prisoner's pain or possible medical need", and b) "harm caused by the indifference."  *Jett*, 439 F.3d at 1096.  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.*

---

[1] Plaintiff disputes this contention and filed a motion seeking a copy of the medical records Ugwueze references but did not provide to Plaintiff during discovery or attach to his motion for summary judgment.  Plaintiff's motion is addressed below.

(brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes.  *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

### 1.    Parties' Arguments

Defendant Ugwueze argues that he provided Plaintiff with proper treatment and consultation for his mild form of Frey's Syndrome.  He claims that the condition requires no treatment.  He also notes Plaintiff was seen on a regular basis for the condition, and that Defendant Ugwueze referred Plaintiff to a surgeon.  Plaintiff's difference of opinion regarding this treatment does not give rise to a constitutional violation.

Defendant Enenmoh argues that he properly denied the referral for a surgery consult because he concluded it would not be beneficial.  Alternatively, he contends that even if his denial of the referral was in error, it was "an isolated incident," and so not a constitutional violation pursuant to *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff contends that he has not received any treatment for his condition. Despite raising his concerns, Defendant Ugwueze failed to provide Plaintiff treatment and a salivary gland scintigraphy.  Plaintiff also argues that Defendant Enenmoh denied him a referral for surgery without seeing Plaintiff first or providing an alternative course of treatment.

1

2

### 2.   Analysis

The parties do not dispute that Plaintiff suffered a serious medical condition. Therefore, the Court need only determine whether there is a genuine issue of material fact as to Defendants' deliberate indifference to Plaintiff's medical needs.

Defendant Ugwueze has not shown that he is entitled to summary judgment on this issue.   Defendant Ugwueze contends that he diagnosed Plaintiff with Frey's Syndrome as early as July 27, 2010, that he determined the condition was mild, and that no treatment was necessary.   Yet, as Plaintiff points out, Defendant Ugwueze's declaration is inconsistent with Plaintiff's medical records and the diagnosis and treatment reflected therein.   Plaintiff's medical records do not indicate Plaintiff was diagnosed with Frey's Syndrome on July 27, 2010 or on October 5, 2010.   Instead, Defendant Ugwueze requested a surgeon referral because he felt a surgeon would have been in a better position to diagnose and treat Plaintiff.   There is no evidence that this or any other treatment was provided after Defendant Enenmoh denied the referral request.   The evidence shows that Plaintiff continued to experience discomfort and symptoms.   In 2012, another prison doctor referred Plaintiff for testing, but Defendant Ugwueze denied the request for a salivary gland scintigraphy, suggesting Plaintiff's symptoms might be caused by Frey's Syndrome, and, if so, again recommending a surgeon consult.   There is no evidence that Plaintiff ever received a surgeon consult or any other treatment for his condition.   A reasonable jury may conclude that treatment was necessary for Plaintiff's condition, and that failure to provide said treatment amounts to deliberate indifference.

Without examining all the facts and claims, weighing the evidence and making a finding as to the parties' relative credibility, the Court also is unable to determine if Defendant Enenmoh was deliberately indifferent to Plaintiff's medical needs.   Such determinations cannot be made on a motion for summary judgment.   *Soremekun*, 509 F.3d at 984.

7

In screening Plaintiff's First Amended Complaint, the Court determined that Plaintiff had stated a claim against Defendant Enenmoh based on his denial "of the recommended course of treatment *without* providing an alternative or other medical direction." (ECF No. 15 at 5.) (emphasis added).  Instead of addressing the issue of whether or not an alternative course of treatment was provided and, if not, why not, Defendant Enenmoh argues only that his denial of the request did not amount to deliberate indifference.  In screening Plaintiff's First Amended Complaint, the Court concluded that Defendant Enenmoh's mere denial of the surgical request does not amount to deliberate indifference.  See *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (*quoting Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)) ("[N]othing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference.").  Plaintiff's contention that Defendant Enenmoh was uninformed when he denied the surgeon request without examining Plaintiff and knowing the severity of his symptoms, even if true, also falls short of actionable indifference.  See *Estelle*, 429 U.S. at 106 (negligence or medical malpractice does not amount to a constitutional violation).

However, there appears to be disputed evidence as to whether Defendant Enenmoh provided alternative treatment and whether Plaintiff received said treatment. Defendant Enenmoh submits a declaration that he determined Plaintiff had a mild form of Frey's Syndrome and a surgical consult was therefore not medically necessary.  He fails to present any opinion in his declaration as to what, if any, other course of treatment he provided or if not, why his failure to do so does not amount to deliberate indifference.  The evidence also reflects a discrepancy between Defendant Enenmoh's declaration and the denial form, which indicates he did not know the severity of Plaintiff's symptoms, but if they were severe enough, he would recommend botox treatment.  (ECF No. 35 at 20.)  Plaintiff contends that he did not receive any other course of treatment after Defendant Enenmoh's denial.  Defendant Enenmoh fails to

8

present any evidence to the contrary.

On this record, the Court recommends that Defendants' motion for summary judgment be DENIED.

### D.    Qualified Immunity

Defendants argue that they are entitled to qualified immunity because their actions were within the standard of care and exercised in their professional judgment, and therefore reasonable under the circumstances.

Plaintiff argues that Defendants are not immune from liability because they knew of his medical condition and should have known that their unreasonable actions under the circumstances violated his constitutional rights.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement").  The other inquiry is "whether the right was clearly established." *Id.* The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.* "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted).  In resolving these issues, the Court must view the evidence in the light most favorable to Plaintiff and resolve all material factual disputes in favor of Plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).   Qualified immunity protects "all but the plainly incompetent or those who

1

2

knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

3

4

Given the factual dispute regarding Defendants' conduct and motives, the case cannot be resolved at summary judgment on qualified immunity grounds.  *See Lolli v. Cnty. of Orange*, 351 F.3d 410, 421-22 (9th Cir. 2003).

5

**IV.     MOTIONS FOR EXTENSION OF TIME**

6

7

8

9

10

11

Both parties filed motions to extend the deadlines for briefing Defendants' motion for summary judgment.  Prior to the Court ruling on the extensions, the parties filed their respective briefs.  Therefore, Plaintiff's motion for extension of time to file his opposition (ECF No. 34.) is GRANTED nunc pro tunc to March 30, 2015, and Defendants' motion for extension of time to file their reply (ECF No. 38.) is GRANTED nunc pro tunc to April 8, 2015.

12

**V.     MOTION FOR ADDITIONAL DISCOVERY**

13

**A.     Legal Standard**

14

15

16

17

18

Federal Rule of Civil Procedure 56(d) permits the Court to delay consideration of a motion for summary judgment to allow parties to obtain discovery to oppose the motion.  A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."  Local Rule 260(b).

19

20

21

22

23

24

25

26

27

Where a party requests to reopen discovery after discovery has closed, the request also must meet the requirements of Federal Rule of Civil Procedure 16. Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause.  The "good cause" standard focuses primarily on the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*

28

10

1
2
3
4

The Court has wide discretion to extend time, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrate some justification for the issuance of the enlargement order.  Fed. R. Civ. P. 6(b)(1); *Ginett v. Fed. Express Corp.,* 166 F.3d 1213 at 5* (6th Cir. 1998).

5

### B.     Analysis

6
7
8
9

Plaintiff seeks a copy of his medical records reflecting his complaints of a rash prior to his surgery in 2009.  Defendant Ugwueze relies on such records in support of his contention that Plaintiff's rash existed prior to his surgery in 2009, recurred intermittently, and was diagnosed as eczema.

10
11
12
13
14
15
16
17
18

The Court did not rely on this disputed fact in its ruling on Defendants' motion for summary judgment.  However, Plaintiff has shown good cause for extending the discovery cut-off to require Defendants to produce these earlier medical records. Defendants are ordered within fourteen days of service of this order to produce same and any and all additional medical records subject to Defendants' access or control, not already produced to Plaintiff, relating to Plaintiff's alleged parotid gland abnormality and or Frey's Syndrome and any and all signs, exams, test results, and the like related to either or both of such conditions and/or to the rash or other symptoms allegedly connected to either or both of such conditions.

19

## V.     CONCLUSION AND RECOMMENDATION

20
21
22

The Court finds that there are genuine issues of material fact as to Defendants liability.  Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 29.) be DENIED.

23

The Court also HEREBY RECOMMENDS that:

24
25

1.     Plaintiff's motion for appointment of an expert witness be DENIED (ECF No. 33.);

26
27

2.     Plaintiff's motion for extension of time be GRANTED nunc pro tunc to March 30, 2015 (ECF No. 34.);

28

3.      Defendants' motion for extension of time be GRANTED nunc pro tunc to April 8, 2015 (ECF No. 38.); and

4.      Plaintiff's motion for additional discovery be GRANTED.  (ECF No. 32.) Defendants are ordered to produce Plaintiff's relevant medical records as outlined above within **fourteen** (14) days of service of this order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   <u>April 17, 2015</u>                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE